FILED
SUPERIOR COURT
OF GUAM

2021 SEP 20 AM 11: 24

BY_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>LILLIAN RITA DUENAS DIZON,<br><br>Decedent,<br><br>by<br><br>FIRST HAWAIIAN BANK,<br><br>Petitioner. | Probate Case No. PR0043-20<br><br>DECISION AND ORDER<br>GRANTING PETITION<br>TO ALLOW SALE OF ESTATE REAL<br>PROPERTY |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on July 12, 2021 for hearing on First Hawaiian Bank's ("Petitioner's") Petition To Allow Sale of Estate Real Property ("Petition"). Attorney Edward Han represents Petitioner, and serves as the Involuntary Administrator of the Estate of Rita Duenas Dizon ("Estate"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Petitioner's Petition.

### BACKGROUND

On December 15, 2015, Lillian Rita Duenas Dizon ("Decedent"), a resident of Guam, died intestate. Involuntary Petition for Letters of Administration, Ex. A (Mar. 3, 2020).

At the time of her death, Decedent left behind unsecured debt owed to Petitioner. Amended Verified Claim Against Estate in Accordance With 15 GCA § 2517 ("Verified Claim") at 1 (Feb. 12, 2021). This debt took the form of a United Mileage Plus Credit Card and a Priority Rewards Credit Card (collectively the "Notes"), both executed in favor of Petitioner in June 2013. Id. at 1.

Decision and Order Granting Petition to Allow Sale of Estate Real Property
PR0043-20, *In the Matter of the Estate of Lillian Rita Duenas Dizon*
Page 1 of 3

On February 18, 2021, Petitioner filed their Amended Certified Claim Against Estate, arguing that Decedent defaulted under the terms of the Notes, having not made payment since December 4, 2015. Id. at 1. As of February 3, 2021, the balance due to Petitioner is $7,916.59 of principal, plus $648.60 for accrued interest, plus $165.00 for late charges, plus $60.00 for membership fees, plus $4,265.35 for attorney's fees. Id. at 2. This amounts to $13,055.54 total.

On March 25, 2021, Petitioner filed their Petition for Authority to Compromise Complaint and to Agree to a Stipulated Judgment. Petition for Authority to Compromise Complaint and to Agree to a Stipulated Judgment at 1 (Mar. 25, 2021). Petitioner argued that the Estate still owed Petitioner the full balance due under the Notes, and that a Verified Complaint for Breach of Promissory Notes was filed on January 14, 2021 in the Superior Court of Guam under Civil Case No. CV1347-19. Id. at 1-2. Petitioner believes the Estate doesn't have any viable defense to the complaint, making it in everyone's best interest to stipulate to a judgment which can be resolved through the sale of the Estate's property. Id. at 2. At the time of her death, Decedent left behind property in the territory of Guam subject to administration as follows: Lot No. 102-1-4, Mongmong, Sinajna, Guam ("Real Property"). Involuntary Petition for Letters of Administration at 2 (Mar. 3, 2020).

On June 17, 2021, Petitioner filed their Petition to Allow Sale of Estate Real Property ("Petition"). Petitioner, acting as Administrator of the Estate, asked for authority to sell the Estate's interest in the Real Property, in order to pay off the creditors of the estate. Petition at 1. Petitioner put forward a Purchase Agreement that he, acting as Administrator of the Estate, entered into on June 9, 2021. Id. at 1. Petitioner had lined up a buyer, Jianlong Liu, to purchase the Estate's Real Property for the sum of $148,000.00. Id. at Ex. A.

The Court held a hearing on July 12, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

### DISCUSSION

Under 15 G.C.A. §2311, the administrator of an estate may sell real property if "necessary" "to pay debts". 15 G.C.A. § 2311(a)-(b). This sale may be done either at public auction or private sale, under the administrator's discretion, subject to the provisions of 15 G.C.A. §§ 2303 and 2305.

Decision and Order Granting Petition to Allow Sale of Estate Real Property
PR0043-20, *In the Matter of the Estate of Lillian Rita Duenas Dizon*
Page 2 of 3

15 G.C.A. § 2311(b). Under 15 G.C.A. §2313(b), no such sale of real property may be made for less than 90% of the estimated fair market value.

The Petitioner's proposed sale is necessary to pay debts owed to Petitioner. This is because the Estate owes $7,916.59 of Notes principal to Petitioner, plus additional interest, late fees, and attorney's fees. The Administrator of the estate does not know of any other assets of the Estate which could be put forward to pay off this debt. Petition at 2.

The Petitioner's proposed sale is also over 90% of the Real Property's value. The approximate value of the Real Property, as of December 2020, based on a 2020 real property tax statement issued by the Department of Revenue and Taxation is $138,831.00. Id. at Ex. B. However, Petitioner had lined up a Purchase Agreement for $148,000.00, well above the 90% threshold and even above the Real Property's fair market value. Id. at Ex. A.

The sale of the Estate's Real Property is specifically authorized as necessary to pay debts owed to Petitioner, complies with 15 G.C.A. §2313(b), was timely filed under 15 G.C.A. § 2315, and received no objections by any interested persons of the Estate.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Petitioner's Petition. The Court affirms the sale of the Real Property to the party named in the Purchase Agreement executed by the Administrator of the Estate on June 9, 2021, for $148,000.00. The Real Property shall be sold on an "as is" basis, except as to title.

**IT IS SO ORDERED** this <u>September 20, 2021</u>.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting Petition to Allow Sale of Estate Real Property
PR0043-20, *In the Matter of the Estate of Lillian Rita Duenas Dizon*
Page 3 of 3